# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
UNITED STATES OF AMERICA,   )
                            )
v.                          )     CR 2:15-010-2
                            )
DERRICK ANDREW ROBERSON,    )
                            )
    Defendant.              )
```

### ORDER

Before the Court is Defendant Derrick Roberson's motion for early termination of supervised release. Dkt. No. 424. For the reasons below, Defendant's motion is **DENIED**.

Pursuant to a written plea agreement, Defendant pleaded guilty to Count 1 of the Indictment, that is, conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and § 846. Dkt. Nos. 246, 295. On January 14, 2016, Defendant was sentenced to 135 months' imprisonment, to be served concurrently with any state sentence, followed by three years of supervised release. Dkt. No. 295. The Court further ordered special conditions of supervision, including substance abuse treatment, as well as a $100 special assessment.

On or about August 14, 2023, Defendant was released from Bureau of Prisons' custody and commenced his term of

supervision. He has completed nearly eighteen months of his thirty-six-month term of supervision and now moves the Court for early termination of same. Dkt. No. 424.

In his motion, Defendant argues that, while incarcerated, he was a model inmate with no disciplinary infractions. Defendant also states that, since his release, he has maintained stable employment and a stable residence, and he has become a productive member of society. The Court notes that, since he began his period of supervision, all drug screens have yielded negative results, and Defendant has paid his special assessment in full. However, while Defendant has complied with all other conditions of supervised release, he has failed to complete a substance abuse assessment despite being instructed to do so by United States Probation.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

2

While it appears Defendant is a candidate for early termination, the Court **DENIES** Defendant's motion at this time. Dkt. No. 424. Defendant shall remain on supervised release until he is able to satisfy all special conditions of supervision in full. Should he do so, he can reurge his motion at that time.

**SO ORDERED** this 13 day of February, 2025.

———————————————
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA