# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,       )
                                )
v.                              )          CR 2:15-010-2
                                )
DERRICK ANDREW ROBERSON,        )
                                )
        Defendant.              )

## ORDER

Before the Court is Defendant Derrick Roberson's renewed motion for early termination of supervised release. Dkt. No. 428. For the reasons below, Defendant's motion is **GRANTED**.

Pursuant to a written plea agreement, Defendant pleaded guilty to Count 1 of the Indictment, that is, conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and § 846. Dkt. Nos. 246, 295. On January 14, 2016, Defendant was sentenced to 135 months' imprisonment, to be served concurrently with any state sentence, followed by three years of supervised release. Dkt. No. 295. The Court further ordered special conditions of supervision, including substance abuse treatment, as well as a $100 special assessment.

On or about August 14, 2023, Defendant was released from Bureau of Prisons' custody and commenced his term of

supervision. In January 2025, Defendant moved the Court for early termination of his supervised release term. Dkt. No. 424. The Court found that Defendant is a candidate for early termination but denied Defendant's motion because he had failed to complete a substance abuse assessment despite being instructed to do so by United States Probation. Dkt. No. 425. The Court indicated that Defendant could reurge his motion for early termination of supervised release when he met all special conditions of supervision. Id.

Defendant, who has served twenty-two months of his thirty-six-month term of supervision, now renews his motion for early termination of supervised release. Dkt. No. 428. In his motion, Defendant states he has "now met all requirements" for early termination. Id. United States Probation confirmed that Defendant completed a substance abuse assessment on February 27, 2025, and he was discharged with no treatment recommended to follow. Defendant has satisfied all conditions of supervision in full. Neither United States Probation nor the Government oppose Defendant's motion for early termination of supervised release.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and

discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

The Court concludes that Defendant has satisfied the relevant § 3553(a) factors for early termination of supervised release. Importantly, Defendant has shown that he has taken full responsibility for his actions and has changed his life for the better. Accordingly, Defendant's motion for early termination of supervision, dkt. no. 428, is **GRANTED**. Defendant's term of supervised release is hereby terminated.

**SO ORDERED** this 27 day of May, 2025.

_____

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA